**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM LEWIS RIPPY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:13-cv-00150** |
| | ) | |
| **CAPTAIN TONY CRAWFORD,** | ) | **Judge Trauger** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff William Lewis Rippy filed this action under 42 U.S.C. § 1983, asserting that the rejection of his application to work as a trustee in the detention center where he is incarcerated is the result of discrimination, and that prison officials are not computing his sentence credits correctly. His complaint is before the court for an initial review as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

### I.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a civil complaint or any portion of a complaint filed *in forma pauperis* that fails to state a claim for which relief can be granted, is frivolous or malicious, or seeks relief from a defendant who is immune from such relief. Section 1915A similarly requires an initial screening of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), and dismissal of the complaint for any of the same reasons as those set forth in § 1915(e). *Id.* § 1915A(b). Because the plaintiff proceeds *pro se*, his complaint is to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### II.    FACTUAL ALLEGATIONS

The plaintiff names only Captain Tony Crawford in his "official capacity" as a defendant. For his first claim, the plaintiff alleges very generally that he has applied to be "trustee" at the Detention Center where he is incarcerated and that Cpl. Parks is "over" the trustees, but that she has not responded to the plaintiff's letters or applications to be a trustee. The plaintiff claims that other inmates who have "caused problems"

and who have been incarcerated for less time than he has have been made trustees.  The plaintiff concludes

that Cpl. Parks is discriminating against him.  The plaintiff does not allege his race, ethnicity, or age.

In his second claim for relief, the plaintiff alleges that he should be receiving six days a month of

sentence credits but is only receiving four days per month.  He has written letters and grievances about this

problem, but nothing has been done about it.

## III.    DISCUSSION

The plaintiff here seeks to state claims under 42 U.S.C. § 1983.  To state a claim under § 1983, a

plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States

and that the deprivation was caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S.

42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Both parts of this two-part test

must be satisfied to support a claim under § 1983.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.    Discrimination Claim

The court presumes that Captain Crawford is Cpl. Parks' supervisor.  That fact alone, however, is

not sufficient to render Captain Crawford liable for Cpl. Parks' alleged discrimination against the plaintiff.  This

is because r*espondeat superior* liability is not available as a theory of recovery under § 1983, which means

that a supervisor may not be vicariously liable for actions taken by alleged tortfeasors whom the official

supervises.  *Doe v. Claiborne Ctny. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell v. Dep't

of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  Instead, a plaintiff pursuing a claim under § 1983 must allege and

prove that a defendant was personally involved in the allegedly unconstitutional activity.  The Sixth Circuit

has explained the standard for supervisory liability as follows:

> [T]he § 1983 liability of supervisory personnel must be based on more than the right to
> control employees.  Section 1983 liability will not be imposed solely upon the basis of
> *respondeat superior*.  There must be a showing that the supervisor encouraged the specific
> incident of misconduct or in some other way directly participated in it.  At a minimum, a §
> 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or
> knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *quoted in Turner v. City of Taylor*, 412 F.3d 629, 643

(6th Cir. 2005).

In this case, the plaintiff does not allege that Captain Crawford was personally involved in the

decision not to make the plaintiff a trustee, or even that Captain Crawford was aware of or that he implicitly

authorized or approved Cpl. Parks' actions. Captain Crawford therefore cannot be held individually liable for Cpl. Parks' actions.

The facts alleged in the complaint do not state a claim against Captain Crawford in his official capacity either, because the allegations do not suggest that the decision not to make the plaintiff a trustee was made at the institutional level as a matter of policy. *See Monell*, 436 U.S. at 690 (to state a § 1983 claim against a government entity, a plaintiff must allege that his injury was caused by an unconstitutional policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entity's officers).

Moreover, even if the plaintiff had named the correct defendant, the facts as alleged in the complaint are not sufficient to establish an equal-protection claim based on discrimination, because the plaintiff does not allege that he is a member of a protected class or that he was treated differently than persons who are not members of the same protected class. *See Dodson v. Wilkinson*, 304 F. App'x 434, 441 n.1 (6th Cir. 2008) ("To the extent [the plaintiff] advances an equal protection argument under the Fourteenth Amendment, [he] has failed to allege or identify his membership in a protected class."); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) ("To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.").

For all these reasons, the plaintiff's discrimination claim is subject to dismissal, with prejudice, for failure to state a claim.

### B.    Sentence-Credit Computation Claim

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a *condition* of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 U.S. at 488–90). Consequently, a § 1983 action is barred when a state prisoner challenges the fact or duration of his confinement and seeks either "immediate release from prison" or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser*, 411 U.S. at 482). Here, the plaintiff challenges the computation of his

sentence credits, which would affect the length of his incarceration. Accordingly, § 1983 is not the appropriate remedy.

If the plaintiff wishes to assert the sentence-credit claims contained in the pending complaint, he must do so by filing a habeas corpus petition. He must obtain the appropriate forms for filing a habeas corpus petition from the Clerk's Office. The court declines to construe the plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted,[1] and because the complaint itself does not substantially comply with Rule 2(c) or 2(d) of the Rules Governing § 2254 Cases. *Cf. Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001) (affirming district court's decision not to construe § 1983 complaint as a habeas petition on the same bases). Further, the Court declines to construe the complaint as a habeas corpus petition because the plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

This claim too is subject to dismissal for failure to state a claim for which relief may be granted. The claim will be dismissed without prejudice, however.

## IV.    CONCLUSION

For the foregoing reasons, the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), for failure to state a claim upon which relief may be granted.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge

---

[1] The plaintiff alleges that he has submitted letters and grievances, but exhaustion of remedies for habeas corpus purposes means the exhaustion of remedies in the state *courts. See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . .").